GENOVA & MALIN
Attorneys for Cornwall Improvement, LLC.
1136 Route 9
Wappingers Falls, NY  12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------X
IN RE:                                                                                CHAPTER 11

NEW YORK MILITARY ACADEMY,                           CASE NO. 15-35379 (CGM)

                                       Debtor.
-----------------------------------------------------------X
STATE OF NEW YORK      )
                                              )S.S.:
COUNTY OF ORANGE      )

**AFFIDAVIT IN OPPOSITION TO
APPLICATION OF DEBTOR SEEKING AUTHORITY TO BORROW AND
GRANT LIENS PURSUANT TO 11 U.S.C §364(d)**

    Joseph Bonura, being duly sworn, deposes and says:

    1.  That I am a member of Cornwall Improvement LLC. ("CI") and make this Affidavit in opposition to application of debtor seeking authority to borrow and grant liens pursuant to 11 U.S.C. §364(d).

    2. That CI holds a first mortgage on the real property of the debtor and is owed the sum of $7,285,503.22. (SEVEN MILLION TWO HUNDRED EIGHTY-FIVE THOUSAND FIVE HUNDRED THREE DOLLARS AND TWENTY-TWO CENTS) as of the date of this filing plus accruing attorney fees and costs pursuant to the Corrected Judgment of Foreclosure and Sale dated February 23, 2015, ("JOF") entered by the Supreme Court, State of New York, County of Orange. (See Exhibit "A" attached herein.)

FACTUAL BACKGROUND

3. The debtor owns and operates a private high school in Cornwall, NY (County of Orange). The school is a well known preparatory military academy and has been in existence since 1889.

4. Due to a continuing decline in pupil enrollment (current enrollment is approximately 55 students down from high of 400) and other financial difficulties the debtor sought financing and on July 16, 2010 CI[1] lent to the debtor the sum of $5,850,000.00 with interest at six (6%) percent per annum with a final balloon payment of all principal and interest due on July 15, 2013. The obligation is secured by a first mortgage on the debtor's real property located at 78 Academy Avenue, in the Town of Cornwall, New York as well as a security interest in all of its personal property and fixtures. (See Exhibit "B" attached herein)

5. The obligations owed to CI fell into default in May of 2013 and a foreclosure action was commenced by CI in the Supreme Court, County of Orange, bearing Index No. 2013-005073 on June 20, 2013.

6. The State Court has entered the JOF and as indicated the current obligation owed to CI by the debtor is approximately 7.3 million dollars. In addition, school, village, and property taxes are owed by the debtor to various municipalities in an amount in excess of $400,000.00. The outstanding tax and mortgage obligations are approximately 7.7 million dollars, not including interest on the JOF at $50,100.00 per month and the 2015 property taxes.

RELIEF SOUGHT IS EXTRAORDINARY AND SHOULD BE DENIED

7. The debtor is seeking to borrow on a priming loan basis, the sum of 1.7 million dollars to cover an operating expense shortfall for the Spring Semester of 2015. The loan is to be funded by ITG TAXABLE FUND MANAGEMENT GROUP ("ITG") and carries an interest rate of ten

---

[1] CI is not a banking institution but rather a group of local citizens who sought to preserve and aid the NEW YORK MILITARY ACADEMY ("NYMA") in a time of financial distress.

(10%) percent per annum. The loan proceeds are to be used over the next four to six months to cover operating expenses of the school such as payroll, mess hall expenditures, utilities, insurance, and similar expenses.

    8.  The lender will only make this loan if it is placed in a first mortgage position ahead of the current first mortgage held by CI.

    9.  A review of the budget provided by the debtor indicates that the costs of the loan to the bankruptcy estate includes the following:

> 1. Mortgage Tax -$18,375.00
> 2. Mortgage Interests-$102,083 (for 7 months)
> 3. Commitment Fee-$35,000.00
> 4. DIP Loan Monitoring Fee- $8,000.00
> 5. DIP Loan Closing Cost-$17,500.00
> 6. DIP Loan Deposit-$10,00.00
> 7. UCC Fee-$80,000.00
>    Total Loan Costs (3/15-9/15)-$270,958.00

    10. It appears that none of the loan proceeds will be used to pay down existing debt on the CI mortgage, any property or school taxes, or any improvements to the grounds or infrastructure other than basic maintenance. The debtor will not be improving its financial position by entering into this borrowing but will actually be in a far worse position by engaging in this borrowing as it is adding 1.7 million dollars in additional debt. There does not appear to be any visible benefit to the bankruptcy estate or the creditors of the debtor to be achieved by this borrowing.

    11.  Your Affiant has reviewed the appraisal of the debtor's real property performed by McGrath and Company, Inc. dated July 22, 2014 ("The McGrath Appraisal"). Said appraisal indicates a value of the debtor's real property at $10,100,00.00 with a marketing period of one to two years.

12. If the Court were to accept this valuation[2] an insufficient equity cushion will exist as to the CI mortgage and its interest in its collateral will not be sufficiently and equally protected by the debtor.

13. As a result of this borrowing the debtor will not be able to:

> 1. Provide adequate protection payments pursuant to CI,
> 2. Pay any 2015 property or school taxes,
> 3. Perform any improvements to any of the school buildings or grounds,
> 4. File a meaningful or feasible Plan of negotiations which in any way addresses the CI mortgage, the 2.8 million dollars of unsecured debt, or the existing property taxes.

14. It is noted that in the Declaration in support of this Motion, at paragraph 17 thereof, the debtor indicates that the Town of Cornwall has expressed an interest in purchasing the school and its property for 8 million dollars. This value is close to the actual sale value of the property and such a transaction, after payment of the CI mortgage and existing property taxes, leaves no other funds available to creditors.

15. Notwithstanding same, taking the debtors' apparent business plan to its logical conclusion results in a sale of the real property in approximately eighteen (18) months for a sale price of $10,100,000.00. In such event the sale proceeds would be distributed as follows:

> 1. Real Estate Commission at six (6%) percent -$606,000.00
> 2. Closing Costs including Attorney fees and Recording Fees- $50,000.00
> 3. Property Taxes (2013-2016) estimated at -$450,000.00
> 4. CI mortgage pay off with interest through date of sale -$8,200,000.00

At that point the balance of available proceeds is only $794,000.00. This is an amount clearly insufficient to act as an equity cushion to satisfy the proposed ITG borrowing and remit a priming of the CI mortgage.

---

[2] CI reserves the right to perform its own inspection and appraisal and notes that at this time the McGrath Appraisal is 7 and a half months old and does not take into consideration deferred maintenance or any recent structural damage to the property.

16. While empathetic to the plight of the school there is simply insufficient equity to permit the Motion of the debtor to be granted. For all the foregoing reasons it is respectfully requested that the Court deny the debtor's application seeking a Borrowing pursuant to 11 U.S.C.§364(d).

          CORNWALL IMPROVEMENT, LLC

By:   \s\Joseph Bonura
       JOSEPH BONURA, Member

Sworn to before me this
5th Day of March, 2015

\s\Joseph P. Rones
JOSEPH P. RONES
Notary Public, State of New York
Qualified in Orange County
Commission Expires: June 30, 2018