LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
212-407-4000
Walter H. Curchack
Vadim J. Rubinstein

*Counsel for Ambow Education Holding Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                                                      Chapter 11

New York Military Academy,                                       Case no.: 15-35379 (CGM)

                         Debtor.
-----------------------------------------------------------------------x

### STATEMENT OF AMBOW EDUCATION HOLDING LTD IN CONNECTION WITH APPLICATION OF DEBTOR FOR ORDER AUTHORIZING POST-PETITION FINANCING

      Ambow Education Holding Ltd. ("**Ambow**") respectfully submits this statement (its "**Statement**") concerning the application of the captioned debtor (the "**Debtor**") for authority to obtain financing on an interim and final basis dated March 5, 2015, Docket No. 6 (the "**Application**"), and expressing its interest in proposing a more favorable financing plan for this case:

### STATEMENT

      1.      Ambow files this Statement to provide notice to Debtor and other parties in interest of Ambow's willingness to provide debtor-in-possession ("**DIP**") financing to the Debtor, and, subject to satisfactory and prompt completion of its due diligence in an abbreviated time frame, proposing a plan of reorganization for the Debtor.

NY1333867.1
666666-66666

2. Ambow is a leading provider of educational and career enhancement services in China. It was founded in 2000. Prior to March 3, 2015, Ambow and Debtor held fruitful although ultimately unsuccessful discussions concerning, among other things, a sale of the Debtor's assets to Ambow.

3. Ambow remains interested in acquiring substantially all of the Debtor's assets and is prepared to negotiate with the Debtor in good faith to provide the Debtor with a more favorable DIP financing package than the ITG Taxable Fund Mannagement LLC ("**ITG**") proposal described in the Application. The terms of the Ambow proposal are summarized below.

Summary of Ambow Proposal

4. Ambow believes that effectuating the sale of substantially all of the Debtor's assets through a plan of reorganization will be more beneficial to the Debtor's creditors due to, among other things, the hundreds of thousands of dollars in savings that would be realized by virtue of the tax savings offered by Section 1146(a) of the Bankruptcy Code. In addition, Ambow's DIP financing offer (the "**Ambow Loan**") would provide the following terms that differ from the terms proposed by ITG in Exhibit B to the Application1:

- DIP Loan amount not to exceed $1,000,000.
- Repaid at the earlier of (a) 6 months from initial disbursement; (b) the effective date of the Ambow Plan (as hereinafter defined); or (c) a default under the loan documentation (the "**Due Date**").
- 7.5% annual, pre-default interest rate. Default rate of 10%.
- Initial disbursement shall be $500,000

---

1 Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

2

- Balance of the Ambow Loan shall be funded after entry of a Final Order.

- Ambow or an affiliate of Ambow (an "**Ambow Entity**"), shall have 90 days from the date of entry of the Final Order (the "**Diligence Period**") to conduct due diligence of the Debtor's assets.

- Through conclusion of the Diligence Period, Ambow shall have the exclusive right to conduct due diligence and to negotiate with the Debtor a plan of reorganization (the "**Ambow Plan**").  The Ambow Plan shall provide for a sale of substantially all of the Debtor's assets to an Ambow Entity at the Purchase Price (defined below).

- There shall be no broker and no brokerage fees in connection w3ith the DIP financing or the sale of Debtor's assets under the Ambow Plan..

- In the event that an Ambow Plan shall not be filed on or before the Due Date, Debtor shall either file its own plan of reorganization or a motion pursuant to Section 363 of the Bankruptcy Code for the sale of substantially all of the Debtor's assets, or both.   In the event a sale is to be held, Ambow would agree to extend the term of the Ambow Loan through the closing of any such sale.

- The Purchase Price shall equal (a) the amount necessary to satisfy all allowed claims of secured lenders upon terms agreed to by the Ambow Entity and the respective secured lenders, or as otherwise ordered by the Court, (b) the amount necessary to discharge the Ambow Loan, (c) up to $ 450,000 for the unpaid property taxes from 2013-2015, (d) the amount

necessary to satisfy all reasonable administrative claims, subject to an approved budget, and (d) an additional amount, to be determined following completion of the due diligence, to satisfy allowed claims in accordance with the priorities of the Bankruptcy Code.

- Due Diligence Deposit – None
- Interest Reserve - None
- Monthly Monitoring Fee – None
- All other terms to be consistent with those proposed by ITG

5.   Ambow believes that the terms proposed herein are significantly more favorable than those proposed by ITG in the Application.  Among other things, Debtor would save hundreds of thousands of dollars in brokerage fees and in property transfer taxes.  Furthermore, the Debtor will save over $150,000 in borrowing costs, as compared to the ITG Proposal.  Finally, Ambow anticipates a much shorter stay in bankruptcy, thus saving the estate substantial additional sums in administrative expenses.

WHEREFORE, Ambow respectfully requests that the Court not grant the Application until it has had an opportunity to assess the proposal submitted herein and determine that it provides a higher and better offer than the ITG proposal.

Dated: New York, New York
March 10, 2015

LOEB & LOEB LLP

By   s/ Walter H. Curchack
Walter H. Curchack
Vadim J. Rubinstein
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Counsel for Ambow Education Holding Ltd.*