UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------X
In re:                                                                                  CHAPTER 11


NEW YORK MILITARY ACADEMY,                              CASE NO. 15-35379 CGM


                                      Debtor.
-----------------------------------------------------------X


**INTERIM ORDER AUTHORIZING CORNWALL IMPROVEMENT LLC TO PROVIDE DEBTOR-IN-POSSESSION FINANCING PURSUANT TO § 105, 362 AND 364 OF THE BANKRUPTCY CODE AND SCHEDULING A FINAL HEARING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4000**

UPON the Notice of Hearing and the Application of the New York Military Academy (hereinafter referred to as "NYMA" or "Debtor") supported by the Declaration of David Fields, First Vice-President of NYMA seeking an Interim Order Approving Debtor-in-Possession Financing with ITG Taxable Fund Management LLC (hereafter referred to as "ITG"), granting to ITG a priority over all administrative expenses and a senior lien upon all of NYMA's assets and an Order setting a final hearing date having been served upon the secured creditors, the 20 largest unsecured creditors and the Office of the United States Trustee and the application having come on to be heard on March 6, 2015 and March 11, 2015 and Lewis D. Wrobel, Esq. appearing for NYMA, Thomas Genova, Esq. appearing for Cornwall Improvement LLC, Eric Small, Esq, appearing for the U.S. Trustee, Sara Temes, Esq. appearing for the Town of Cornwall and Walter Churchack,

1

Esq. appearing for the putative debtor-in-possession financier Ambow Education Holding Limited and Cornwall Improvement LLC having submitted a debtor-in-possession term sheet on more favorable terms than the ITG term sheet and Ambow Education Holding Limited having also submitted a proposed debtor-in-possession financing term sheet and at the March 12, 2015 hearing NYMA's Application to Approve the Ambow debtor-in-possession financing proposal having been denied and the debtor-in-possession financing proposal of Cornwall Improvement LLC having been submitted to the Court and approved by the Court and upon the record made at the hearings on March 6, 2015 and March 11, 2015 and good and sufficient cause appearing therefore;

### IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED:

1. This Court has jurisdiction over the Chapter 11 case, the Application and the parties and properties affected hereby pursuant to 28 U.S.C. § 157 and 1334 and venue is proper.

2. No Trustee, examiner or creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion has been provided to the Office of the United States Trustee, the secured creditors and the 20 largest unsecured creditors. The debtor submits that no other or further notice need be provided. No previous request for the relief sought herein has been made by the debtor to this or any other Court. Under the circumstances, the notice given by the debtor of the Application, the relief requested therein and the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001 (c) and no other or further notice of the relief sought at the Interim Hearing is necessary or required.

3. Good cause has been shown for entry of this Interim Order.

4. The borrower debtor has an immediate need to obtain the financing under the Cornwall Improvement LLC Senior DIP Credit Facility, in order to, among things permit the orderly continuation of its operations as a preparatory school for the purposes described in the Fields Declaration, including the satisfaction of payroll obligations and other working capital in general operational purposes, and pay for certain administrative expenses incurred in the Chapter 11 case.

5. The borrower debtor is unable to obtain financing on more favorable terms from sources other than Cornwall Improvement LLC pursuant to, and for the purposes set forth in the application and is unable to obtain adequate unsecured credit allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense. The borrower debtor is also unable to obtain credit without granting to Cornwall Improvement LLC a super priority claim and a priming lien on all assets of the debtor.

6. The terms of the Cornwall Improvement LLC Senior DIP Credit Facility debtor-in-possession financing pursuant to this Interim Order are fair and reasonable and reflect the borrower debtor's exercise of prudent business judgment consistent with its fiduciary duties, is appropriate under the circumstances and constitutes reasonably equivalent value and fair consideration.

7. All of the debtor's obligations and indebtedness arising under or in connection with the Cornwall Improvement LLC Senior DIP Credit Facility, shall have been deemed to have been extended by Cornwall Improvement LLC in "Good faith" as such term is used in § 364(e) of the Bankruptcy Code, and in express reliance upon the protection set forth herein, and shall be entitled to the full protection of § 364(e) of the Bankruptcy Code, in

       the event that this Interim Order or any provision hereof if vacated, reversed or modified on appeal or otherwise.

8. The debtor requests immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(c)(2) and 6003(b). Absent granting the relief set forth in this Interim Order the debtor's estate will be immediately and irreparably harmed. Consummation of the Cornwall Improvement LLC Senior DIP Credit Facility in accordance with this Interim Order, is therefore, in the best interest of the debtor's estate.

9. The debtor is hereby authorized to enter into and perform under the Cornwall Improvement LLC Senior DIP Credit Facility including, but not limited to, in the case of the debtor to borrow under the debtor-in-possession financing agreement pending entry of a Final Order up to an aggregate principal amount of $250,000.00 for payment of wages, working capital, general corporate purposes and certain administrative expenses incurred in the Chapter 11 case in accordance with the Budget annexed to the Term Sheet, Exhibit A, dated March 11, 2015 and annexed hereto as Exhibit A.

10. In furtherance of the foregoing and without further approval of this Court, the debtor is authorized and directed to perform all acts and to execute and deliver all instruments and documents reasonably required or necessary for the debtor's performance of its obligations under the Cornwall Improvement LLC Senior DIP Credit Facility including the execution of any Promissory Note(s) and Mortgage documents as may be required by the lender.

11. Upon delivery of the Cornwall Improvement LLC Senior DIP Credit Facility and entry of this Interim Order, the Cornwall Improvement LLC Senior DIP Credit Facility shall

constitute a valid and binding obligation of the debtor, enforceable against the debtor in accordance with the terms of this Interim Order and the Cornwall Improvement LLC Senior DIP Credit Facility. No obligation, payment, transfer or grant of security under the Cornwall Improvement LLC Senior DIP Credit Facility or this Interim Order shall be stayed, avoidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, set off, recoupment or counter claim.

12. Loans will be advanced under the Cornwall Improvement LLC Senior DIP Credit Facility pursuant to and proceeds thereof will be used in accordance with the initial operating budget prepared by the borrower debtor and approved by Cornwall Improvement LLC, a copy of which is attached to Cornwall Improvement LLC Senior DIP Credit Facility (Exhibit A).

13. Pursuant to 11 U.S.C. § 364(c)(1) of the Bankruptcy Code, all of the Cornwall Improvement LLC Senior DIP Credit Facility obligations shall constitute allowed senior super priority, administrative expense claims against the borrower debtor with priority over any and all claims against the borrower debtor, now existing or hereafter arising of any kind whatsoever except the causes of action and recoveries pursuant to Chapter 5 of the Bankruptcy Code, and there shall be a carve out as specified in the Carve-out section of the Cornwall Improvement LLC Senior DIP Credit Facility Term Sheet.

14. The Cornwall Improvement LLC Senior DIP Credit Facility shall be accorded senior liens upon all of the current and future assets of the debtor and the debtor's estate pursuant to 11 U.S.C. § 364(d) except the Obridge Academy litigation and the causes of

action recoveries pursuant to Chapter 5 of the Bankruptcy Code. This senior lien shall also be subject to the carve out as referenced in paragraph #13.

15. In the event of a default under the Cornwall Improvement LLC Senior DIP Credit Facility agreement, as set forth in the Term Sheet dated March 11, 2015 the lender shall have the right to move for relief from automatic stay upon seven (7) days notice to all appropriate parties.

16. The transfer of funds to the debtor and the payment of the debtor's obligations shall be governed by the terms of the Cornwall Improvement LLC Senior DIP Credit Facility agreement which is attached hereto and marked Exhibit A, and which is made a part of this Order.

17. The Final Hearing, if required, on the Application will be held on March 31, 2015 at 12:00 noon. +

18. The debtor shall promptly mail copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court and to the committee if the same has been appointed, or committee counsel if the same has been appointed. Any party-in-interest objecting to the relief sought at the Final Hearing shall serve and file written objections which objections shall be served upon Lewis D. Wrobel, Esq. at 201 South Avenue, Suite 506, Poughkeepsie, New York 12601, Eric Small, Esq., Office of the U.S. Trustee, 74 Chapel Street, Albany, New York 12207, Thomas Genova, Esq., Genova & Malin, 1136 Route 9, Wappingers Falls, NY 12590 and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of

New York, to allow actual receipt by the foregoing no later than March 27, 2015 at 5:00 pm. If no objections are filed with respect to the Application , this Court may enter a Final Order on the Application without further notice or hearing.



**Dated: March 17, 2015**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**