**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**
-------------------------------------------------------------X
In re:

                          **CHAPTER 11**

**NEW YORK MILITARY ACADEMY**

                          **CASE NO. 15-35379 (CGM)**

           **Debtor.**
-------------------------------------------------------------X

**DATED: July 1, 2015**

## PLAN OF REORGANIZATION

**NEW YORK MILITARY ACADEMY,** the above-named debtor, proposes the following Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code:

## ARTICLE I

## DEFINITIONS

"Administration Creditor" shall mean a person entitled to a payment of an administrative expense.

"Administrative Expense" shall mean any administration cost or expense of the Chapter 11 case allowed under Section 5039b) of the Bankruptcy Code.

"Allowed Claim" shall mean any claim, proof of which is filed on or before the last date fixed by the Bankruptcy Court for such purpose, or which has been, or hereafter is, listed by the debtor as liquidated in amount and not disputed or contingent and, in either case, a claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Court, or as to which any objection has been determined by an order or judgment, which determination is no longer subject to appeal or certiorari proceeding, as to which no appeal or certiorari proceeding is pending.  Unless otherwise specified, "Allowed Claim" shall not include interest on the principal amount of such claim from after the petition date.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York having jurisdiction over the within Chapter 11 case.

"Claim" shall mean any right to payment from the debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy reduces to judgment, fixed, contingent, matured, unmatured, disputed, secured or unsecured.

"Creditor" shall mean a person that has a claim against the debtor that arose on or before the petition date or a claim for unsecured debts against the debtor's estate of any kind specified in Section 502(g), 502(h) or 502(I) of the Bankruptcy Code.

"Creditors' Committee" shall mean the Committee of Unsecured Creditors of the debtor, consisting of the persons appointed by the United States Trustee under Section 1102(a) of the Bankruptcy Code and their duly appointed successors, if any.

"Debtor" shall mean NEW YORK MILITARY ACADEMY.

"Debtor-in-Possession" shall have the meaning set forth in Section 1101(1) of the Bankruptcy Code.

"Effective Date" shall mean the next business day after the Order of Confirmation is final and non-appealable and the real property and assets of the debtor are sold at public auction, or a closing upon the sale of the Debtor's real property and assets has occurred after the Plan of Reorganization has been Confirmed.

"Indebtedness" as applied herein to any person shall mean (a) all indebtedness or other obligations of the person for borrowed money or for the deferred purchase price of property or services; (b) all indebtedness of the person, contingent, direct or otherwise, secured (or for which the holder of such indebtedness has an existing right, contingent or otherwise, to be secured) by any mortgage, pledge, lien, security interest or vendor's interest under any conditional sale or other title retention agreement existing on any property or asset owned by or held by the person, whether or not the indebtedness secured thereby shall have been assumed by the persons (hereinafter "secured"); or (c) all indebtedness of others, secured or unsecured, directly or indirectly guaranteed, endorsed or discounted with recourse by the person, or in respect of which the person is otherwise directly or indirectly liable, including without limitation, indebtedness in effect guaranteed by the person through any agreement (contingent or otherwise) to purchase, repurchase or otherwise acquire such indebtedness or any security therefor, or to provide funds for the payment or discharge of such indebtedness (whether in) the form of loans, advances, stock purchase, capital contributions or otherwise), or to maintain the solvency of any balance sheet or other financial condition of the obligor of such indebtedness, or to make payment for any products, materials or supplies or for any transportation or services regardless of the non-delivery or non-furnishing thereof; provided, however, that indebtedness shall not includes amounts owing for merchandise or services incurred in the ordinary course of business in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

"Insiders" shall have the meaning set forth in Section 101(31) of the Bankruptcy Code.

"Person" shall mean an individual, a corporation, a partnership, an association, a joint stock company, an estate, a trust, any unincorporated organization, or a government or any political subdivision thereof or other entity.

"Petition Date" shall mean March 3, 2015, the date upon which the debtor's voluntary Chapter 11 petition was filed with the Bankruptcy Court.

"Plan" shall mean the Plan of Reorganization filed in the Bankruptcy Court on July 1, 2015.

"Priority Claim" shall mean any allowed claim, other than an administration expense to the extent entitled to priority in payment under Section 507(a) of the Bankruptcy Code.

"Priority Creditor" shall mean a creditor that has a priority claim.

"Secured Claim" shall mean a claim, the holder of which is vested with a security interest, as that term is defined in Section 101(51) of the Bankruptcy Code, to the extent of the value of the asset in which the security interest exists.

"Secured Creditor" shall mean a creditor that has a secured claim.

"Unsecured Claim" shall mean an allowed claim that is other than an administration expense, priority claim or secured claim.

"Unsecured Creditor" shall mean a creditor that has an unsecured claim.

## ARTICLE II

## CLASSIFICATION OF CLAIMS

The Plan provides for the creation of fourteen (14) classes of claims and interests to be paid in the following manner:

**Class I** - Costs and expenses of administration as defined in the Bankruptcy Code, 11 U.S.C. Section 507 (a)(1), (Such as legal fees and accountant fees) for which application for an allowance of a claim is filed prior to the effective date, as the same is allowed, approved and ordered paid by the Court.

**Class II** - The Debtor-in-Possession claim of Cornwall Improvement LLC.

**Class III** - The secured claim of Cornwall Improvement LLC.

**Class IV** - The secured claim of Landmark Development Partners, LLC.

**Class V** - The judgment claim of David Fields.

**Class VI** - The claim of the Village of Cornwall-on-Hudson, New York.

**Class VII** - The secured claim of MaryAnn O'Dell, Receiver of Taxes for the Town of Cornwall, New York.

**Class VIII** - The secured claim of Susan C. Scheibel, Receiver of Taxes for the Town of New Windsor, New York.

**Class IX** - The secured leasehold claim of Ford Motor Credit Company as agent for CAB East LLC.

**Class X** - The priority claims of the employees of the debtor pursuant to 11 U.S.C. Section 507(a)(4).

**Class XI** - The priority claims of deposit creditors of the debtor pursuant to 11 U.S.C. Section        507(a)(7),

**Class XII** -The priority claim of the New York State Department of Labor for Unemployment        Insurance.

**Class XIII** - The priority claims of The Internal Revenue Service, The New York State Department of Taxation and Finance, and the Orange County Sheriff.

**Class XIV** - The unsecured claims of the debtor.

## ARTICLE III

## TREATMENT OF CLASSES UNDER THE PLAN

The Plan provides for the creation of fourteen (14) classes of claims and interests to be paid in the following manner:

**Class I** - Costs and expenses of administration as defined in the Bankruptcy Code, including, among other things, legal fees, and post-petition accounts payable, will be paid in cash, in full, on the effective date of the Plan. At the present time, it is estimated that administration expenses will consist of the following: Lewis D. Wrobel, Esq., attorney for the debtor - $55,000.00 of which $20,000.00 was paid in a pre-petition retainer. The Law Firm of Wasserman, Jurista, and Stolz, attorney for the Official Unsecured Creditors Committee $25,000.00, of which $0.00 has been paid. The Law Firm of MacVean, Lewis, Sherwin & McDermott, PC, Special Counsel for the debtor, $20,000.00, of which $0.00 has been paid. Post-petition accounts payable owed to Central Hudson, the Village of Cornwall, and other entities totaling approximately $52,098.00. The Office of the United States Trustee may be due quarterly fees of $4,875.00. Estimated administrative costs total $156,973.00, of which $20,000.00 has been already been paid leaving a balance of $136,973.00. This class is not impaired by the Plan, and its vote will not be solicited.

15-35379-cgm    Doc 77    Filed 07/01/15    Entered 07/01/15 15:44:58    Main Document
Pg 5 of 11

**Class II** - The Debtor-in-Possession loan of Cornwall Improvement LLC. The Bankruptcy Court, on April 8, 2015, entered the Final Order Authorizing Cornwall Improvement LLC to Provide Debtor-in-Possession Financing pursuant to Sections 105, 362 and 364 of the Bankruptcy Code. The principal amount of the loan is One Million ($1,000,000.00) Dollars. The loan is secured by a first mortgage lien upon the debtor's real property and all of its assets. This claim has also been given a Super-Priority. This loan shall be paid in full upon the sale of the debtor's real property and its assets. This class is not impaired by the Plan and its vote will not be solicited.

**Class III** - The secured loan of Cornwall Improvement LLC. The principal amount of this loan is Five Million, Eight Hundred Fifty Thousand ($5,850,000.00) Dollars. The loan is secured by a second mortgage lien upon the debtor's real property and a lien upon the debtor's personal property. Prior to the filing of the instant Chapter 11 case, this secured loan held a first position lien upon the debtor's real property. Cornwall Improvement LLC obtained an Judgment of Foreclosure and Sale in the Orange County Supreme Court on February 23, 2015. Cornwall Improvement LLC has filed a proof of claim in the sum of $7,285,503.22. Cornwall Improvement LLC is entitled to judgment interest at the rate of Nine (9%) Percent per annum from March 3, 2015, the date of filing of the Chapter 11 Petition, to the date of payment. This claim shall be paid in full upon the sale of the debtor's real property. This class is not impaired by the Plan, and its vote will not be solicited.

**Class IV** - The claim of Landmark Development Partners, LLC is secured by a third mortgage upon the debtor's real property. The amount of this claim is One Million, Fifty Four Thousand, Six Hundred Eighty-Eight ($1,054,688.00) Dollars. This mortgage loan has an interest rate of 4% per annum. Anthony Desa is a partner in Landmark Development Partner, LLC. Mr. Desa is also the President of the Board of Directors of the New York Military Academy. The mortgage of Landmark Development Partners, LLC was docketed with the Orange County Clerk on June 26, 2014  Upon receipt of the sale price of Thirteen Million ($13,000,000.00) Dollars, an amount sufficient to pay all creditors in full, this claim shall be paid in full. If the net amount received by the debtor is insufficient to pay all creditors in full, this secured claim may be the subject of an Avoidance Action pursuant to 11 U.S.C. Section 547. The determination of the status and manner of the payment of this claim will be made by Bankruptcy Court.

**Class V** - The Judgment Claim of David Fields in the sum of $344,924.67. Mr. Fields docketed his Judgment in the Office of the Orange County Clerk on December 19, 1014. The judgment earns interest at the rate of nine (9%) percent per annum pursuant to New York State Law. Mr. Fields is also the First Vice-President of the New York Military Academy. Upon receipt of the sale price of Thirteen Million ($13,000,000.00) Dollars, an amount sufficient to pay all creditors in full, this claim shall be paid in full. If the net amount received by the debtor is insufficient to pay all creditors in full, this secured claim may be the subject of an Avoidance Action pursuant to 11 U.S.C. Section 547. The determination of the status and manner of payment of this claim shall be made by the Bankruptcy Court.

**Class VI** - The Village of Cornwall-on-Hudson, New York holds a secured claim in the sum of $351,230.00. The basis of the claim is unpaid water billings incurred in the past several years.

This claim shall be paid in full and shall receive statutory interest at the rate of Twelve (12%) Percent per annum. This class is not impaired by the Plan, and its vote shall not be solicited.

**Class VII** - The secured claim of MaryAnn O'Dell, Receiver of Taxes for the Town of Cornwall, New York. The amount of this claim is approximately $47,868.00. This claim covers all pre-petition land and school taxes due and owing. This claim shall be paid in full and shall receive statutory interest at the rate of twelve (12%) percent per annum. This class is not impaired by the Plan and its vote shall not be solicited.

**Class VIII** -The secured claim of Susan C. Sheible, Receiver of Taxes for the Town of New Windsor, New York. The amount of this claim is approximately $261.00. This claim covers all pre-petition land and school taxes due and owing. This claim shall be paid in full and shall receive statutory interest at the rate of twelve (12%) percent per annum. This class is not impaired by the Plan and its vote shall not be solicited.

**Class IX** - The secured leasehold claim of Ford Motor Credit Company as agent for CAB East LLC in the sum of Six Thousand, Eight Dollars and Sixty Three Cents ($6,008.63). This motor vehicle lease is guaranteed by Anthony Desa, the President of the Board of Trustees. Mr. Desa shall be paying th lease.  NYMA shall not make a distribution to this creditor.

**Class X**- The Priority Claims of employees of the Debtor pursuant to 11 U.S.C. Section 507(a)(4). These claims are for wages, salaries or commissions including vacation, severance and sick leave pay earned within one hundred eighty (180) days of the filing of the Chapter11 Case. Each individual claim may not exceed Twelve Thousand, Four Hundred Seventy Five ($12,475.00) Dollars. The total amount of claims in this class is $32,721.00. The claims in this class shall be paid in full. This class is not impaired by the Plan and its vote shall not be solicited.

**Class XI** - The Priority Claims of deposit creditors pursuant to 11 U.S.C. Section 507(a)(7). These claims are for deposits of money made with the debtor. Each individual claim may not exceed Two Thousand, Seven Hundred ($2,775.00) Dollars. The claimants are entitled to refund of unearned tuition and fees. The total amount of claims in this class is $21,556.00 This class shall be paid in full. This class is not impaired by the Plan and its vote shall not be solicited.

**Class XII** - The Priority Claim of the New York State Department of Labor for Unemployment Insurance in the sum of $14,184.36. This claim shall be paid in full. This class shall be paid in full. This class is not impaired by the Plan and its vote shall not be solicited.

**Class XIII** - The Priority Claims of the Internal Revenue Service, the New York State Department of Taxation of Finance, and the Orange County Sheriff. These claims in the aggregate total less than One Thousand ($1,000.00) Dollars. These claims shall be paid in full. This class shall be paid in full. This class is not impaired by the Plan and its vote shall not be solicited.

**Class XIV** - The Unsecured Claims of the Debtor. This class shall include the amounts of tuition and fee refunds that exceed Two Thousand, Seven Hundred Seventy Five ($2,775.00) Dollars

as contemplated in Class X. The amount of claims in this class is approximately Three Million, One Hundred Thousand $3,100,000.00) Dollars, including the disputed claim of The Advanced Learning Group in the sum of Seven Hundred Forty Nine Thousand ($749,000.00) Dollars. The claims in this class shall receive a dividend in the range of eighty (80%) percent to one hundred (100%) percent. This class may be impaired by the Plan and its vote shall be solicited.

## ARTICLE IV

## MODIFICATION OF THE PLAN

The debtor may propose amendments and/or modifications of this Plan at any time prior to confirmation, with leave of the Court, upon such notice as the Court shall direct. After confirmation, the debtor may, with the approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order of Confirmation in such manner as may be necessary to carry out the purposes and effects of this Plan.

## ARTICLE V

## EXECUTION AND IMPLEMENTATION OF THE PLAN

The funds necessary for the satisfaction of the claims to creditors will be generated by the sale of the debtor's assets. The debtor shall not be selling its litigation claims against Advanced Learning Group, LLC. The sale of the debtor's assets, including the real property, shall be pursuant to the Plan of Reorganization. Prior to and since the filing of the Chapter 11 Petition, the debtor has been avidly seeking a purchaser for its assets. After intense negotiations with several putative buyers, NYMA has entered in the a Letter of Intent.

NYMA has executed a Letter of Intent with Global Preparatory Academies LLC (Global). The purchaser should execute an Asset Purchase Agreement (APA) within the next ten (10) days. The terms of the proposed sale are as follows:

1. Global shall place into escrow a refundable down payment of One Million, Three Hundred Twelve Thousand, Five Hundred ($1,312,500.00) Dollars.
2. Global shall pay a total purchase price of Thirteen Million, One Hundred Twenty Five Thousand ($13,125,000.00 ) Dollars.
3. The closing shall take place no later than July 31, 2015, subject to Bankruptcy Court approval of the sale.
4. NYMA shall sell and Global shall purchase real estate, intellectual property, brands and trading names, licenses and personal property. Global shall not purchase the rights of NYMA in its litigation against Advanced Learning Group, LLC.
5. NYMA shall make every reasonable effort to ensure that all third-party regulatory consent, approvals and accreditations, including but not limited to SEVP certification and

accreditation remain in full force and effect and are not disturbed during the change of ownership.

If, for any reason, Global is unable or unwilling to proceed with a sale of assets, there are two other entities which have offered Thirteen Million ($13,000.000.00) Dollars for the purchase of the debtor's assets. Also, while negotiations are continuing with Global, the Debtor will set up an auction process. If, for any reason, Global is unable or unwilling to proceed with the sale, a Bankruptcy Court approved auction will take place no later than August 31, 2015.

At the closing of title, the first and second mortgage liens of Cornwall Improvement LLC shall be paid in full, as well as all taxes, and municipal charges owed to the Town of Cornwall, the Town of New Windsor, the Village of New Windsor, the Village of Croton-on-Hudson, and the Cornwall Central School District. The liens of Landmark Development Partners, LLC and David Fields shall attach to the remaining proceeds of the sale and be subject to further Order of the Bankruptcy Court.

Upon Confirmation, the debtor shall continue to manage its financial affairs until all distributions are made pursuant to this Plan of Reorganization.

Upon confirmation, the reorganized debtor shall be entitled to manage its affairs without further Order of this Court. However, the Court will retain jurisdiction for the purposes set forth in Article VII below.

## ARTICLE VI

## EXEMPTION FROM CERTAIN TAXES AND FEES

Pursuant to, and to the fullest extent permitted by, section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to, in contemplation of, or in connection with, the Plan or pursuant to: (I) the issuance, distribution, transfer or exchange of any debt, equity interest, security interest, or other interest I the Operating Debtors, (ii), the creation, modification consolidation assumption, termination, refinancing and/or recording of any mortgage, deed of trust or other security interest, or the securing of additional indebtedness by such other means, (iii) the making, assignment or recording of any lease or sublease, or (iv) the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan including any deeds, bills of sale, assignments or other instrument or transfer executed in connection with any transaction arising out o, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing ro recording fee, or other similar tax or governmental assessment, and the appropriate state or local government officials or agents shall, and shall be directed to, forgo the collection of any such tax, recordation fee or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee or government assessment. For the avoidance of doubt all transactions contemplated to occur in connection with the Sale Transactions are deemed to occur in

contemplation of, or in connection with, and are related to, the Plan. The Bankruptcy Court shall retain specific jurisdiction with respect to these matters.

## ARTICLE VII

## JURISDICTION OF THE COURT

The Court will retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

1. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to the creditors' claims. The failure by the debtor to object to, or to examine any claim for the purposes of voting, shall not be deemed to be a waiver of the debtor's right to object to, or re-examine, the claim in whole or in part.

2. Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the debtor and any other party, including, but not limited to, any right of the debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

3. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intents of this Amended Plan.

4. The modification of this Plan after confirmation pursuant to the Federal Rules of Bankruptcy Procedure and Title 11 of the United States Code.

5. The enforcement and interpretation of the terms and conditions of this Plan.

6. Entry of any Order, including injunctions, necessary to enforce the title, rights and powers of the debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as this Court may deem necessary.

7. The hearing of any matter brought on upon proper application by any creditor claiming that payments pursuant to the Plan have not been properly made either in terms of the amount of the payment or the time it was to have been made.

8. Entry of an Order concluding and terminating this case.

## ARTICLE VIII

## OWNERSHIP AND MANAGEMENT

  A. <u>Ownership</u> - NYMA is a not-for-profit entity. Soon after distribution under this Plan is completed, and the litigation against Advanced Learning Group, LLC is concluded, NYMA shall dissolve.

  B. <u>Management</u> - The Board of Trustees of NYMA shall manage its affairs until the distribution to creditors is completed.

Dated: Poughkeepsie, New York
　　　July 1, 2015


| | |
|---|---|
| */s/ Lewis D. Wrobel* | */s/ David Fields* |
| Lewis D. Wrobel | David Fields |
| Attorney for Debtor | First Vice-President |
| 201 South Avenue | New York Military Academy |
| Suite 506 | |
| Poughkeepsie, New York 12601 | |
| (845)473-5411 | |
| (845)473-3430 - facsimile | |
| E-mail address: lewiswrobel@verizon.net | |