UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

------------------------------------------------------X                     Chapter 11

In re:

                                                                                            Case No. 15-35379 CGM

**NEW YORK MILITARY ACADEMY**

                                 **Debtor.**                         **AFFIDAVIT**

------------------------------------------------------X

**STATE OF NEW YORK** )
                                   )SS
**COUNTY OF DUTCHESS** )

LEWIS D. WROBEL being duly sworn deposes and says:

1. I am an attorney duly admitted to the practice of law in the State of New York and before the Federal District Court for the Southern District of New York.

2. I an the attorney for New York Military Academy (hereinafter referred to "NYMA"), the Chapter 11 Debtor herein and make this Affidavit in support of the Motion of the NYMA for entry of an Order approving procedures to sell the Debtor's assets; three parcels of real property located in the Town of Cornwall, Orange County, New York together with academic credentials.

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

## BACKGROUND

4. NYMA filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 3, 2015 and since that day has been conducting its business affairs as a Debtor-in-

        Possession.

5.    NYMA has operated a military preparatory school at its Cornwall, New York site for more than 130 years. NYMA's real property consists of three separate parcels; a parcel of 77.3 acres that contains administrative, academic, dormitory facilities, accessory structures, apartments and several single family residences. NYMA also owns two undeveloped parcels on the east side of Route 9D. One parcel is approximately 35 acres. The remaining parcel is approximately 1.1 acres. The appraised value of the Debtor's real property is $10.1 million. The property is encumbered by a first mortgage lien of Cornwall Improvement, LLC in the sum of $1,0 million (Debtor-in-Possession financing). A second mortgage of Cornwall Improvement, LLC is in the approximate sum of $7.3 million. Outstanding water bills and taxes of approximately $4,000,000 are owed. There is also a third mortgage held by Landmark Development Partners Properties, LLC of approximately $1.1 million and a judgment of David Fields of $344,924. These two encumbrances may be avoidable as preferences pursuant to 11 U.S.C. § 547. The sale will be free and clear of all encumbrances. At the closing of title the mortgages of Cornwall Improvement, LLC shall be satisfied and all taxes and water charges shall be paid.

6.    The application of Hilco Real Estate, LLC to be retained as marketing consultant and real estate broker is in process and should be approved by the Bankruptcy Court shortly.

7.    The Sale Notice Procedures, Bidding Procedures and Auction Procedures are as follows:

<u>**SALE NOTICE PROCEDURES**</u>

(a) NYMA shall serve upon all creditors and parties in interest a Notice of the Auction Sale. The sale notice shall specify: (i) the assets to be sold, (ii) the minimum bid price, (iii) the

identity of any parties having a lien interest in the properties.

(b)  the sale notice parties will have until September 29, 2015 at 5:00 PM to object to the auction sale. If no objections are received the auction sale will go forward.

(c)  If objections are received to the auction sale, the Bankruptcy Court will conduct a hearing on September 30, 2015 at a time to be determined.

## BIDDING PROCEDURES

**SELLER:** NYMA**,** under the direction of Anthony Desa, President of Board of Trustees

**AUCTIONEER:** Hilco Real Estate, LLC.

**AUCTION FORMAT:** All bidding is open and public. To bid during the auction, you need only raise your hand, shout your bid or instruct an auctioneer's bidder assistant to call out your bid for you. Please call our Auction Information Line at 855-755-2300 or email info@hilcoreal.com for further instructions.

**AUCTION DATE/LOCATION**: the auction shall be held on September 30, 2015. Registration will begin at 12:00 p.m. and the auction will start at 1:00 p.m.. The auction shall take place at the US Bankruptcy Court, Southern District of New York, 355 Main Street, Poughkeepsie, NY 12601 in the Section 341 room on the first floor.

**ASSETS AVAILABLE:** The assets to be sold include all or substantially all the assets of New York Military Academy (collectively, the "Assets");

1. <u>Parcel 1</u>: 77.3 Acre parcel improved with a military preparatory school consisting of several administrative, academic, and dormitory facilities, accessory structures, and apartments as well as several single family residences. **Also included in the sale of this**

**parcel are any school credentials required to operate a preparatory school.**

2. <u>Parcel 2</u>: 35 Acre parcel of vacant land.

3. <u>Parcel 3</u>: 10 Acre parcel of vacant land.

The Parcels will be offered individually in the first three rounds of bidding and then offered as whole in the last round of bidding.

**BID DEPOSIT REQUIRED:** In order to bid at the auction a prospective bidder must deposit by wire transfer or bank check to Lewis D. Wrobel, as Escrow Agent (a) $500,000 in order to bid on Parcel 1, and (b) $100,000 in order to bid on any or all of the other Parcels. If you are not the winning bidder or the back-up bidder for one of the assets, your bid deposit will be returned to you. Only qualified bidders may attend the auction.

**DOCUMENTS AVAILABLE:** A Property Information Packet (PIP) available online in our Virtual Deal Room has been assembled and includes the Asset Purchase Agreement for each Asset listed above, property information and other applicable information. To gain access to the virtual deal room you will need to fill out an Order Form, along with a confidentiality agreement and email it to info@hilcoreal.com. Seller, Seller's Broker and Auctioneer shall not be liable for any inaccuracy contained in any reports furnished to buyers originating from any other source.

**ATTORNEY REVIEW:** All information contained in the auction-related marketing material should be carefully reviewed by an attorney prior to the auction and is subject to and may be superseded by the Asset Purchase Agreement for signature at the auction. There will be no attorney review period after a winning bidder is determined at the auction.

**BUYER'S PREMIUM**: With respect to each Asset, Purchasers shall also pay a Buyer's Premium equal to three percent (3%) of the High Bid. The Buyer's Premium shall be added to

the High Bid and the sum will be the Total Purchase Price in the Asset Purchase Agreement.

**REQUIREMENTS OF HIGH BIDDER:** With respect to each Asset, the party submitting the highest and best bid (the "High Bidder") will be required to sign the Asset Purchase Agreement upon the conclusion of bidding acknowledging their Total Purchase Price, their initial earnest money will become non-refundable upon the courts approval fo the sale and the High Bidder must increase their earnest money deposit to an amount equal to ten percent (10%) of their Total Purchase Price by bank check or wire transfer within two (2) business days following the auction, and must have a representative present at the Sale Approval Hearing in the US Bankruptcy Court Southern District of New York, 355 Main Street, Poughkeepsie, NY 12601 at a date to be determined.

Bidders may also be asked to provide reasonable proof acceptable to the Debtors of the bidder's ability to consummate a purchase of the Assets, including copies of such bidder's annual, quarterly and monthly financial statements for the most recently ended fiscal periods, certified to be true, correct and complete in all material respects, or if the bidder is an entity formed for the purpose of acquiring the Assets, the aforementioned financial statements for the equity holder(s) of the bidder, and evidence of sufficient financing if the bidder intends to finance the purchase.

**BACK-UP BIDDER:** With respect to each Asset, the party submitting the second highest bid (the "Back-Up Bidder") will be required to sign the Asset Purchase Agreement upon the conclusion of bidding acknowledging their Total Purchase Price, and in the event the High Bidder fails to timely make the 10% deposit required above, the Back-Up Bidder must tender an amount equal to ten percent (10%) of their Total Purchase Price by bank check or wire transfer within two (2) business days following notice that the High Bidder has failed to make the required deposit.

**COURT APPROVAL:** With respect to each Asset, the High Bid or the Back-Up Bid, as applicable, shall be submitted for approval by the Court at a hearing to be scheduled, but in any event no later than thirty (30) days after the date of the auction. The Seller shall promptly file a notice of the High Bid and the Back-Up Bid with respect to each Asset.

**FREE AND CLEAR TRANSFER**: The real property available for auction is being transferred , free and clear of all Liens, Claims, encumbrances and other interests of any kind, with liens to attach to the proceeds. Any real property transfer will be subject to existing easements, right-of-ways, covenants or other existing deed restrictions.

## AUCTION PROCEDURES

**RESERVE OFFERING:** All of the Assets are being offered subject to Court approval. **The starting bid at the auction for the Assets in their entirety will be $9,500,000.**

**CLOSING DATE:** The Closing Date shall be within thirty days after the auction.

**INSPECTION:** Prior to the auction, prospective bidders will be afforded two (2) dates to physically inspect the assets and present additional questions. **Each property is being offered for sale "as is" and in its existing condition.**

**CONDUCT OF THE AUCTION:** Conduct of the auction is at the direction and discretion of the Auctioneer and the Court. The increments of bidding will be $100,000. In the event of a dispute between bidders, the Auctioneer and the Court shall make the final decision to accept the final bid, to re-offer and re-sell the property, or to remove the property from the auction. If any disputes should arise following the auction, the Auctioneer's and Court records shall be conclusive in all respects.

**SELLER'S AGENT:** Hilco Real Estate, LLC, its cooperating brokers, and all licensees employed by or associated with Hilco Real Estate, LLC who are involved with this auction,

represent the Seller in this real estate transaction.

**DISCLAIMER**: The Seller and Auctioneer and their agents assume no liability for inaccuracies, errors or omissions in the auction marketing materials, including the Virtual Deal Room. ALL SQUARE FOOTAGE, ACREAGE, DIMENSIONS, TAXES IN THIS AND OTHER MARKETING MATERIALS ARE APPROXIMATE. This offering may be withdrawn, modified or canceled without notice at any time. This is not a solicitation or offering to residents of any state where this offering is prohibited by law.

**Approval of sales free and clear of liens, claims and encumbrances other than pre existing tenant leases**

8. Pursuant to Bankruptcy Code § 363 (f), the Court may authorize the sale of an asset free and clear of existing liens, claims and encumbrances if (a) applicable non-bankruptcy law permits the sale of such property free and clear of such interest, (b) the entity holding the lien, claim or encumbrance consents to the proposed sale, (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (d) such interest is a bona fide dispute or (e) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest. The Debtor believes that the Sale Notice Procedures set forth above satisfy the requirements of § 363 (f) of the Bankruptcy Code. If a holder of a lien, claim or encumbrance receives the requisite notice and does not object within the prescribed time period, the Debtor requests that such holder be deemed to have consented to the proposed sale and that the property may then be sold free and clear of such holder's liens, claims or encumbrances other than pre existing tenant leases.

**Good Faith Status of Purchaser**

9.  Bankruptcy Code § 363 (m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization of such sale or lease were stayed pending appeal.

Although the Bankruptcy Code does not define "good faith", the Second Circuit court of Appeals in In re: Gucci, 126 F.3d 380(2d.Cir.1997) held that:

> Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceeding; where there is a lack of such integrity a good faith find may not be made. A purchaser's good faith is lost by "fraud, collusion between the purchaser and other bidders or the Trustee, or an attempt to take grossly unfair advantage of other bidders".

126 F.3d at 390.

10. The Debtor submits that any agreement reached as a result of the sale of NYMA will be an arm length's transaction entitled to the protections of § 363(m) of the Bankruptcy Code.

**WHEREFORE**, the New York Military Academy respectfully prays for an Order Approving the Sale Notice Procedures, the Bidding Procedures and the Auction Procedures as set forth herein together with such other and further relief as to this Court may seem just and proper.

Sworn to before me this 4th day of
September, 2015

/s/ Lewis D. Wrobel
Lewis D. Wrobel, Esq.

/s/ Linda DuBois
Linda DuBois
Notary Public
State of New York
Qualified in Dutchess County
Comm No. 01DU4968504
Comm. Exp. June 25, 2018